Cowles *et al. v.* Litchfield.

---

ALFRED COWLES and JOHN M. KRUM, plaintiffs in error, *v.* ENOS LITCHFIELD, defendant in error.

*Error to Madison.*

In an action by the assignee against the assignor of a promissory note, proof that the plaintiff instituted a suit against the maker, at the first term of a court having competent jurisdiction, recovered judgment, and issued execution, which was returned by the sheriff *nulla bona,* as to a portion of the amount of the note, which could not be collected of the maker, — is evidence of sufficient diligence to charge the assignor. It is not necessary to issue a *capias ad satisfaciendum.*

A declaration by an assignee against an assignor of a promissory note, which alleges the entire insolvency of the maker; and that the institution of a suit at law to recover the amount, at the time the note became due, would have been unavailing, is good and sufficient.

Where a general demurrer is filed to a declaration containing several counts, if either of the counts are good, the demurrer must be overruled.

THIS was an action brought by the defendant in error against the plaintiffs in error, in the Madison Circuit Court, on an assigned note. On the 2d day of April, 1838, John A. Holderman & Co.

Cowles *et al. v.* Litchfield.

made their promissory note for $465,00, payable to the order of the plaintiffs in error, who assigned it, by endorsement, to the defendant in error.

The note was payable at the Alton Branch of the State Bank of Illinois, in two months from date.

The first count of the declaration contained the usual averments, stating the making, delivering, &c. of the note, and the endorsement of the same to the defendant in error. It also alleged, that at the July term, 1838, of the Municipal Court of the city of Alton, suit was instituted, and judgment recovered against the makers of said note ; that said July term of said Court was the first term that occurred of any court of competent jurisdiction, after said note became due ; that execution issued on said judgment to the sheriff of Madison county, and the sheriff returned that he had made $110, leaving $359 $\frac{3.3}{100}$, besides interest and costs, still due and unpaid. The return further stated, "No other property found in my county." The count concluded with the usual breach. The second count in all essential points is like the first, alleging due diligence on the part of the plaintiff below, by suit against the makers, as in the first count. It also alleged, that the said plaintiff below prosecuted the said makers of said note to insolvency, by execution, and that said suit was unavailing, and that said note remained unpaid, &c.

The third count, after stating the making and endorsing of the note, " then and still due and unpaid," alleges, that the makers of the note, " at the time the said note became due and payable, and from that time up to the present time, and the time of the commencement of this suit, the said John A. Holderman and Job Lawrence, partners as aforesaid, and each and every of them ever have been and are insolvent, and unable to pay the said note, and that the institution of a suit at the time the said note became due, and at any time from the time of the said note's becoming due and payable, and now, would have been, and would be unavailing."

The plaintiffs in error demurred generally to the declaration, and judgment was rendered for the plaintiff in the Court below, on demurrer, for $396,62.

The cause was tried in the Court below before the Hon. Sidney Breese.

The error assigned is the decision of the Court upon the demurrer.

A. COWLES and J. M. KRUM, contended,

1. It is not sufficient to entitle an endorsee to recover against an endorser, to allege, as in this case, a return of *nulla bona* upon the execution as to part of the judgment recovered against the makers of the note.

A return of *nulla bona* is no evidence of there being no equita-

ble interest in the possession or under the control of the defendant, in the execution out of which the debt could be made.

A *capias ad satisfaciendum* would reach an equitable interest. Bank U. S. *v.* Wesseiger, 2 Peters 331, and cases there cited ; 4 Peters 366, and cases there cited.

2. The declaration does not show due diligence on the part of the plaintiff below, nor did the plaintiff below prosecute the makers of said note to insolvency.

What is meant by the term insolvency as used in the statute referred to ? *Quere.* 1 Peters' Cond. R. 430, note ; 1 Peters 386 ; 2 Wheat. 376 ; 3 Cranch 73. It must be legal insolvency.

3. There is no allegation in either of the counts of the declaration, negativing payment of the note in question, by the makers. The sheriff's return negatives the idea of the insolvency of the makers ; $ 110 were made. This negatives the allegation of insolvency *pro tanto.*

4. Alleging that an execution was placed in the ` hands of the sheriff of Madison county, and showing his return of *nulla bona,* as to a moiety of the judgment, does not negative the presumption that the defendants, J. A. H. & Co., had property in some other county in this State, within the jurisdiction of said Municipal Court.

It is incumbent on an endorsee of a promissory note, in a suit against an endorser, to negative in his declaration every presumption of property, either legal or equitable, in the maker of such note.

5. The general allegation of insolvency, in the third count, is not sufficient (even had the same been well alleged) to authorize the institution of this suit. It is incumbent on an endorsee, in a case where an excuse for want of diligence is relied on, to allege affirmatively, that a suit would have been unavailing, for the reason or cause specified in the statute ; for example, that the suit against the makers, at the first term of the Court which occurred after the note became due, would have been unavailing, because the makers are altogether insolvent. R. L. 483 ; Gale's Stat. 526.

J. RUSSELL BULLOCK and EDWARD KEATING, for the defendant in error : Diligence is shown. Breese 53.

1. The averment in the third count shows that the institution of a suit would have been unavailing, and that the defendant in error conformed to the statute concerning promissory notes. Thompson *v.* Armstrong, Breese 23 ; Lusk *v.* Cook, Breese 53 ; Humphreys *v.* Collier *et al.,* 1 Scam. 47.

2. A return of *nulla bona,* upon an execution issued to the county of the defendant in execution, is *prima facie* evidence that the defendant has no property in the State, and is conclusive evidence of no property in the county.

3. A *ca. sa.* cannot issue in this State, except upon affidavit that the defendant refuses to surrender his or her estate, lands, tenements, goods, or chattels. Although a defendant does possess equitable assets, a *ca. sa.* cannot issue unless the above affidavit is filed. R. L. 351 ; Gale's Stat. 345.

4. It would be difficult to imagine a case in which an execution against the body could be taken out under the statute, against an honest man.

The laws of Kentucky differ from our own, and the course to be pursued by the holder in order to charge the endorser, is governed not by a statute similar to our own, but by decisions of the Kentucky Supreme Court, under a statute prescribing no positive rules to the holder. Bank U. S. *v.* Tyler, 4 Peters 382.

5. The first count inferentially charges that the note had not been paid. The second and third counts charge that fact positively. The general breach at the conclusion of the declaration is sufficient. 1 Chit. Plead. 290 ; 1 Wilson 33 ; 3 Maule & Selw. 150.

The same count does not charge both the insolvency of the makers, and the fact that 110 dollars were made from them, but if it did, there would be no inconsistency, since a man can easily be supposed to have only 110 dollars, and be insolvent, that being paid over.

6. A sheriff is a sworn officer. It is to be presumed if a defendant has property in his county, that the sheriff would ascertain the fact ; since by law he is obliged to make diligent search for the property of the defendant in the execution ; and his return would therefore be evidence that the defendant had no property in the county, and *prima facie* evidence none in the State.

The assignee is only bound to follow the maker as specified by the statute. The first, second, and third counts each showed that this had been done in this case.

7. The allegation in the third count charges insolvency affirmatively, and nearly in the words of the statute. It rebuts all idea of property in the makers of the notes, as also all idea of the possibility of the money's being made by suit.

8. Should either of the counts be good, the judgment must be for the defendant in error.

J. YOUNG SCAMMON also appeared for the plaintiffs in error, and

GEORGE T. M. DAVIS, for the defendant in error.

SMITH, Justice, delivered the opinion of the Court :
The error assigned questions the sufficiency of the declaration in this cause, and the decision of the Circuit Court in overruling the demurrer to the declaration.

Upon a critical examination of the first two counts of the dec-

laration, we can perceive no defects.    The averments are full and broad, as to the use of due diligence to recover the money of the makers of the note sued on, and the allegations, in that respect, are also sufficient, because they show that diligence by suit, judgment, and an execution returned *nullâ bona*, as to a portion of the amount of the note, which could not be collected.

The third count of the declaration avers, the entire insolvency of the maker, and that the institution of a suit at law to recover the amount, at the time the note became due, would have been unavailing.

This was sufficient.    The demurrer being general to all the counts, the decision of the Circuit Court would have been correct on this count alone, had the first two been defective.    But we perceive no reason for disturbing the judgment on the demurrer, in reference to all the counts.    The judgment of the Court below is affirmed with costs.

*Judgment affirmed.*

*Note.*    See Harmon *et al. v.* Thornton, *Ante* 351 *;* Saunders *v.* O'Briant, *Post ;* Campbell *v.* Humphries, *Post ;* Appendix, A.